[Civ. No. 5702.  First Appellate District, Division Two.—December 21, 1926.]

ETHEL W. CASHEL, Petitioner, v. INDUSTRIAL ACCI-DENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—Denial of Claim for Hospital, Medical, and Burial Expenses — Weight and Sufficiency of Evidence — Discretion — Certiorari.—In a proceeding in *certiorari* to review an order of the Industrial Accident Commission refusing a claim for medical, hospital, and burial expenses of an employee, the power of determining what witness should be believed and what weight should be given to the testimony of any witness rests with the Industrial Accident Commission to be determined in the exercise of a sound discretion.

---

(1) Workmen's Compensation Acts, C. J., p. 116, n. 45 New, p. 123, n. 41.

PROCEEDING in Certiorari to review an order of the Industrial Accident Commission.  Writ denied.

The facts are stated in the opinion of the court.

Alfred J. Hennessy for Petitioner.

G. C. Faulkner, W. F. Beem and John J. Goldberg for Respondents.

---

1.  See 27 Cal. Jur. 578.

STURTEVANT, J.—Prior to November 8, 1924, Miss Lois H. Coll was in the employment of the Palo Alto Hospital. On November 29, 1924, she died and the cause of her death was, as recited in the death certificate, "acute rheumatic fever broncho pneumonia streptococcic septicemia (streptococcus viridano)." Later the petitioner, her mother, filed an application with the defendant Commission asking that her claim for burial expenses and medical and hospital expenses be established. The Commission thereafter made its award that the applicant take nothing. The petitioner applied for a rehearing, that application was denied, and thereafter the petitioner applied to this court for a writ of review. Subsequently an alternative writ was issued and on the tenth day of September, 1926, the defendants filed their return. No objection regarding the form or the contents of said return has been made.

The grounds on which the petitioner applies to this court are stated by petitioner as follows:

"a. That the commission acted without and in excess of its powers.

"b. That order, decision and award were procured by fraud.

"c. That the order, decision and award were unreasonable.

"d. That the evidence does not support the findings of fact.

"e. That the findings of fact do not support the award.

"f. Errors by the Commission in admitting and excluding evidence material to the petitioner's case.

"g. That the Commission submitted alleged facts that never had any existence to physicians for an opinion and based their opinion and ruling on said opinions deduced from the said alleged facts that never had any existence.

"h. Irregularity in the trial of said cause in this that your petitioner served on the Palo Alto Hospital a *subpoena duces tecum* requiring them to produce its register of patients, books and clinical records of patients in the Palo Alto Hospital from October 1st, 1924, to November 8, 1924, and said Palo Alto Hospital did not produce the same and gave no reason therefor.

"i. That the Commission erred in its ruling limiting the evidence of contacts of deceased with patients in the Palo

Alto Hospital to the month of October, 1924, and excluding all evidence of contacts prior thereto.

"j. That the Commission erred in rejecting documentary evidence submitted by the petitioner."

Having stated her grounds as quoted above, the petitioner proceeds to elucidate each one. Except as hereinafter stated, the grounds stated by petitioner under the letters a, c, d, e, and f are conclusions of the petitioner; that is, they are but additional statements of the legal effect of the matters which we will take up specifically in considering the other grounds of attack. Under the claim that the order, decision, and award were procured by fraud the petitioner does not even contend that there was committed by anyone any extrinsic or collateral fraud before the defendant Commission or otherwise, as such fraud is defined in *Pico* v. *Cohn*, 91 Cal. 129 [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]. Except as may hereinafter be stated that contention is also the conclusion of the pleader and is based on the matters which will presently be enumerated.

Dr. Harvey M. Slater was called as a witness before the defendant Commission. Among other things, he testified that he was called to attend Miss Coll in her last illness and that he made his first call on November 9, 1924. At that time he propounded to the patient certain questions regarding the history of her case. He also testified that the decedent told him of an attack of rheumatism she had had while she was in training and that she told him of the nature of the attack. Furthermore, he testified that she stated that she had the attack "while she was away, during her period of training." He said that he got the history of the rheumatism from Miss Coll herself and her mother volunteered some of the information.

The petitioner executed a certificate which was received by the Commission as evidence wherein she certified that she had "never told Dr. Slater of Palo Alto that my daughter Lois Coll ever had an attack of rheumatic fever; that my daughter, the said Lois Coll, never had an attack of rheumatic fever or of articular rheumatism, that she was a strong, robust and healthy girl until taken down with her last illness." There is nothing in the record to the effect that the petitioner is a physician or surgeon or that

she was at the bedside of the deceased while the deceased was sick when the deceased "was away, during her period of training." There is evidence in the record that the deceased was in training at the Alta Bates Sanitorium of Berkeley, California. There is also evidence in the record that the petitioner resides at 152 Emerson Street, city of Palo Alto, but there is no evidence in the record that she was ever in Berkeley or that she was there when her daughter was sick while attending the Alta Bates Sanitorium.

[1] Certain doctors rendered opinions in writing or stated them orally, based on the history of the case as the history was stated by Dr. Slater. The petitioner strenuously contends that the Commission should have taken the history of the case from the evidence tendered by the petitioner and not from the testimony given by Dr. Slater. The power of determining what witness should be believed and what weight should be given to the testimony of any witness, or any particular part of the testimony of that witness, of course rested with the Commission to be determined in the exercise of a sound discretion.

There is evidence that Dr. L. E. Phillips had been the family physician of the petitioner and of her daughter. The record shows that ten days or two weeks after the decedent had taken to her bed Dr. Phillips was called in consultation with Dr. Slater. Thereupon the petitioner contends that as a matter of law his testimony should have been accepted by the defendant Commission instead of the testimony of Dr. Slater. There are several answers to that contention. The first answer is that the record does not disclose that the medical opinion of Dr. Phillips was distinctly different from the medical opinion expressed by Dr. Slater. In the next place, Dr. Slater and not Dr. Phillips appears from the evidence to have been the physician attending in the last illness. Again, it was for the Commission to weigh the testimony of the witnesses and the court may not say, as a proposition of law, that the Commission was bound to place greater weight on the testimony given by one witness instead of a different witness.

Edward P. Cashel testified that when Dr. Slater called on the decedent after the report of the bacteriologist had been received and after it was known that the patient was suffering from streptococcic infection that he said to Dr.

Slater, "Where in the world did she get anything like that" he said, "Why, no doubt she got it at the hospital." Dr. Slater testified that to the best of his knowledge he never made any such statement. In other places in his testimony he testified to facts and opinions showing that the decedent had not contracted the disease at the hospital. Again, the power to weigh and determine the probative force and effect of the evidence rested with the Commission.

Closely allied to the last point is another element which the petitioner strenuously presents for our consideration. She quotes a passage from Text Book of Bacteriology by Hiss-Zinsser Russell, and claims that the defendant Commission should have been guided by the opinion stated by the author of that book and not by the opinion of Dr. Slater. It seems to us clear that the power rested with the Commission to determine whether the opinion of Dr. Slater was more convincing to the Commission than the opinion of the author of the text-book. Furthermore, as we understand the testimony of Dr. Slater, it was not in conflict with the opinion stated by the author of the text-book when other sentences contained in the text-book are read in connection with the passage quoted by the petitioner.

The attacks stated above and lettered by the petitioner h, i, and j, and all facts connected therewith, are contained in the petition. However, when the record was certified up such attacks were found to be wholly unsupported by the record. As to those matters, the record is wholly silent.

We have cited item by item the attacks made by the petitioner for the purpose of showing the length and breadth of the attack. Conceding, without deciding, that as to the subject matter of any one of the attacks the Commission erred, nevertheless we think it is clear beyond controversy that as to no one of the alleged errors did the Commission exceed its jurisdiction.

It follows that the petition should be denied. It is so ordered.

Nourse, J., and Langdon, P. J., concurred.